## NO ERROR IN REFUSING TO SET ASIDE DEFAULT JUDGMENT.

Circuit Court of Cuyahoga County.

JOHN BARTOW v. WALTER A. BARROWS, JR.

Decided, February 17, 1908.

*Default Judgment Not Set Aside on Error, When no Abuse of Discretion is Shown.*

A default judgment rendered after two answers had been stricken from the files, will not be set aside on error where the only claim is that at the time the default was taken defendant did not have accurate information as to what defense he had.

*Goulder, Holding & Masten,* for plaintiff in error.
*Freibolin & Byers,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The plaintiff in the court below filed his petition in the short form upon a promissory note, which had been signed by the defendant as surety. The note was copied into the petition and an allegation made that no payment had been made upon the note. The original answer admitted the making of the note and alleged in these words: "that he has no knowledge or information as to whether plaintiff is now the owner of said note or whether J. C. Murfey, the maker of said note, has made no payment thereon, and, therefore, denies said allegations."

For a second defense the allegation was made that the plaintiff for a valuable consideration agreed with the principal maker of said note to extend the time of its payment for a definite time, and further that the plaintiff agreed with said original maker that if at the time to which the payment of said note was extended, as aforesaid, the stock sold to said original maker (Murfey) by plaintiff and for which said note was given should not be of any value, he would not require payment of said note, and release and discharge the same in that event; and the defendant says that at the time to which said note was extended, as aforesaid, said stock was not of any value whatever. He says

that this agreement for extension was without any knowledge or consent on his part.

For a third defense the answer set up that the note was payable at the office of Drake, Bartow & Co., on September 15, 1903, at which time defendant was able and willing to pay said note, and had funds at the office of said Drake, Bartow & Co. available for the purpose, but that on said date of maturity plaintiff did not make any demand on said defendant or the principal maker for its payment and that no demand by plaintiff upon the defendant for its payment was made until just before the bringing of this action.

On motion the court struck out all of the second and third defenses, and allowed time for the amendment of the answer. The defendant then amended his answer, leaving, however, the defense as to the ownership of the note and the making of no payment thereon exactly as in the original answer. The court struck this entire answer from the files, upon a motion charging that the answer was not filed in good faith and was merely frivolous and calculated for the purpose of invoking the process of the court to secure delay. It is charged that there was error in sustaining this motion. We can not examine into the facts upon which the court acted upon this motion for the reason that the bill of exceptions showing the evidence, was not filed within the time provided by law. When this answer was stricken off the court gave the defendant time to a fixed date to file an answer. That time went by, no answer was filed, and thereupon the judgment was entered for the plaintiff upon default. Later a motion was made by the defendant to set aside the default and allow an answer to be filed. This motion was overruled and error is prosecuted for this action of the court, and the evidence upon which the court acted in refusing to grant the motion is before us. It appears that the defendant was without accurate knowledge of what defense he had, if he had any, and he says that the reason he failed to file an answer within the time fixed by the court was because his efforts to obtain information upon which he could set out definitely what, if any agreement, was made between the plaintiff and the principal maker of the note were unsuccessful. He attempted to take the deposition of the

plaintiff for the purpose of obtaining this information.   He followed it up to a point where the plaintiff refused to answer his question.   Up to that time the information sought had not been obtained.   So far as appears the defendant made no other effort to obtain this information than that which has been stated.   It would seem as though he might have made an effort to ascertain from the principal maker of the note what the facts were as to any extension of time, or any failure of consideration, or any payments having been made upon the note.

It is suggested in argument that it was no part of the duty of this defendant to have sought for information from the principal maker of the note, which is of course true.   It may be quite probable that he would have met with no better success in taking his deposition than he met with in his effort to take the deposition of the plaintiff, but if he was unable to obtain from anybody the desired information, and so was left without knowledge of what defense he could make, it was his misfortune.   The situation seems to be about this:   That the defendant was without knowledge of any facts which would constitute a defense to the suit of the plaintiff, and so far as appears, he was without any definite information on the subject.   He believed that there had been an agreement to extend the time of payment; perhaps he believed that something had been paid upon the note, and he may have believed that there was a failure of consideration, but if he was without sufficient information to plead these with some definiteness, it was not the duty of the court to open up a judgment which had been taken on default, for the purpose of permitting the defendant to still further seek for knowledge of these matters which it was essential for him to have before he could make any defense.   We do not feel we would be justified in holding that the court abused its discretion in refusing to open up the judgment taken on default, and the judgment of the court of common pleas is affirmed.